Irving Kirschenbatjm, J.
This matter has come before this court upon defendant’s motion to have certain provisions of subdivision 8 of section 212 of the Correction Law declared unconstitutional.
*251 The court is ¡aware of ¡the alternative method of prospectively determining the validity of statutes by means of declaratory judgment[1]; however, the court feels that the provisions of subdivision 8 of section .212 of the Correction Law relate directly to sentencing and that all phases of sentencing are within this court’s jurisdiction. Moreover, to not proceed to render a decision on this motion, ample notice having been given, would be a triumph of form' over substance. This court chooses to follow the trend in the criminal law to decide matters before it and to diminish the impact of purely procedural matters. This saves both time and effort for all the parties. This matter will be raised later, in any event, and the court sees no reason to not decide it now.
The thrust of defendant’s position is .that subdivision 8 of section 212 of the Correction Law[2] violates the requirements of equal protection, under both the Federal and New York State Constitutions.[3]
The court approaches the issue of the constitutionality of this law mindful of the presumption of validity which applies to every legislative enactment, and fully aware of the Legislature’s right and duty in defining crimes and setting penalties. (People v. Broadi, 45 A D 2d 649.) In United States v. Nixon (418 U. S. 683, 703) the Supreme Court stated: “In the performance of assigned constitutional duties each branch of the Government must initially interpret the Constitution, and the interpretation of its powers by any branch is due great respect from the others.” But, “ ‘It, is emphatically the province and duty of the judicial department to say what the law is.’” (Quoting Marbury v. Madison, 1 Cranch [5 U. S.] 137.) This duty is especially grave where personal .rights and liber *252 ties are concerned. The right to equal protection of the laws is such a right. (People v. Roberts, 35 A D 2d 760.)
The court is also aware that the appellate courts in this'State have ruled on some aspects of the sentencing provisions applicable to those. convicted of class A drug felonies. (People v. Broadie, 45 A D 2d 649, supra; People v. Venable, 46 A D 2d 73.) No court, however^ has ruled on the constitutionality of the provisions of subdivision 8 of section 212 of the Correction Law. It is the clear duty of this court to determine the constitutional validity of this, legislation.
First, the right to have parole terminated is a substantial one. It is true that one released on parole is out of prison but: “His prison bars and ¡chains are removed, it is true, after twelve years, but he goes from them to a perpetual limitation of his liberty. He is forever kept under the shadow of Ms crime, forever kept within voice and view of the criminal magistrate, not being able to change his domicile without giving notice to the ‘ authority immediately in charge of Ms surveillance/ and without permission in writing. He may not seek, even in other scenes and among other people, to retrieve Ms fall from rectitude. Even that hope is taken from Mm and he is subject to tormenting regulations that, if not so .tangible as iron bars and stone walls', oppress as much by their continuity, and deprive of essential liberty.” (Weems v. United States, 217 U. S. 349, 366; see, also, Dorszynski v. United States, 418 U. S. 424.) We must now examine the provisions of subdivision 8 of section 212 in light of the requirement of equal protection of law.
Traditional analysis of legislative classifications in terms of the equal protection guarantees of the Uew York State and United States iConstitutions calls for the application of either a “ rational relationship ” standard or a “ compelling State interest ” standard. The relevant inquiry in applying the former is whether the classification is made in the furtherance of a legitimate State goal and whether the classification is a rational means of accomplishing that goal. (McGowan v. Maryland, 366 U. S. 420.) In applying the compelling interest standard, the court must decide whether the State has a compelling interest in establishing the classification (Roe v. Wade, 410 U. S. 113), whether there is not a less onerous alternative the Legisr lature might implement to further the interest articulated. (Sugarman v. Dougall, 413 U. S. 634.) The relevant standard must be chosen by: (1) examining the class affected; and (2) analyzing the rights affected by the classification. • If the class *253 is a suspect one, race, for example, compelling interest must be shown. (Loving v. Virginia, 288 U. S. 1.) Compelling interest must also ¡be shown if the rights are deemed fundamental. (Jackson v. Indiana, 406 U. S. 715; Shapiro v. Thompson (394 U. S. 618), but only a showing of rational relationship is necessary if the rights affected are not fundamental. (San Antonio School Dist. v. Rodriguez, 411 U. S. 1.)
The class affected by subdivision 8 of section 212 of the Correction Law is the group of convicted class A drug felons.' The right involved is the right to have parole terminated in the discretion of the parole board. This is a fundamental 'right.
The Supreme Court has traditionally characterized rights in the area of criminal justice as fundamental for purposes of equal protection analysis. (Mayer v. City of Chicago, 404 U. S. 189; Griffin v. Illinois, 351 U. S. 12; Skinner v. Oklahoma, 316 V. S. 535.)
We must now examine the reasons the State might have for treating class A drug felons differently from other felons particularly other class A felons, and for applying this detrimental difference to only those convicted of class A drug felonies.
The purposes of criminal sentencing are clear both in subdivision 5 of section 1.05 of the Penal Law, and in our common law: 1 ‘ The punishment or treatment of criminal offenders is directed toward one or more of three ends: (1) to discourage and act as a deterrent upon future criminal activity, (2) to confine the offender so that he may not harm society, and (3) to correct and rehabilitate the offender. There is no place in the .scheme for punishment for its own sake, the product simply of vengeance and retribution.” (People v. Oliver, 1 N Y 2d 152, 160.)
It is important to note that it is not the State’s judgment concerning the seriousness of drug offenses which is being scrutinized. The drug problem in this State is of great, legitimate public concern. It jeopardizes our lives and property and all public effort should be bent toward stopping drug crimes. The classification of so many kinds of drug crimes as A felonies is a strong measure taken by the Legislature toward this end, and there can be no questioning of the Legislature’s classification. (People v. Broadie, 45 A D 2d 649, supra.)
Then Governor Rockefeller’s message to the Legislature[4] makes it clear that the prime purpose of foreclosing the possibility of discharge from parole is deterrence; to insure that the awesome penalties imposed will stand as a barrier to those contemplating involvement in the drug trade. There can be *254 little or no argument that penalties for crimes often deter criminal behavior.[5] This,, however, does not resolve the issue presented here; namely, whether the exemption from the relief afforded by subdivision 8 of .section 212 of the Correction Law tends to rationally further the purposes of the new drug laws. This court finds that it does not.
It must be remembered that the statute involved does not deny to class A drug felons eligibility for parole. Bather it only affects those who have been granted parole. The grant of parole is ia determination that the particular parolee has ¡been rehabilitated sufficiently to return to society on a permanent basis. • In fact, section 213 of the Correction Law states: ‘1 Discretionary release on parole shall not foe granted merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the -board of parole is -of opinion that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law, ¡and that his release is not incompatible with the welfare of society. If the board of parole shall so determine, such prisoner shall be allowed to go upon parole outside of prison walls and enclosure upon such terms and conditions as the board shall prescribe and shall remain while thus on parole in the legal custody of the board of parole until the expiration of the maximum term or period of the sentence or return to an institution under the jurisdiction of the commissioner of correction.” (Also Matter of Cummings v. Regan, 76 Misc 2d 137, 141.)
After such a finding by the parole board[6] there can no longer be any rational basis for distinguishing between a parolee convicted of a class A drug felony and one convicted of a class A nondrug felony. The standards and .guidelines relied on by the parole board as to each are the same. Certainly, there are variations in the degree of merit in granting parole, but these variations are on an individual basis and are not related to class distinctions. A drug felon may have done more to earn his parole than the nondrug felon. To continue the drug, nondrug distinction beyond the grant of parole is irrational.[7]
*255 In any event, the availability or unavailability, of the procedures set forth in subdivision 8 of section 212 is so prospective and tentative that it is impossible to believe it would have any impact on the purposes of the statutory scheme. Before ;one can gain any benefit from subdivision 8 of section 212 he must serve, at least'Ms minimum sentence, be granted parole, serve five years on parole, and then, and only then, in the discretion of the parole board can Ms parole he terminated.
’ It makes no sense at all to predicate different treatment on the assumption that a person’s decision of whether or not to engage in illegal drug activities would be affected by the eligibility for discharge from parole, especially where that discharge is entirely discretionary. TMs is too frail a reed upon which to base distinct invidious treatment for class A drug felons as opposed to murderers, kidnappers and arsonists using explosives.[8]
For these reasons, the court finds theprovision of subdivision 8 of section 212 of the Correction Law wMch excludes class A drug felons from its operation to be unconstitutional.
Defendants’ motion in all other respects is denied.

. CPLR 3001. .

. Subdivision 8 of section 212 of the Correction Law provides:
“If the board of parole is satisfied that an absolute discharge from parole or from conditional release is in the best interest of society, the board may,grant such a discharge prior to expiration of the full maximum term to any parolee under an indeterminate sentence for a felony, other than the class A-I felonies of criminal possession of a controlled substance in the first degree, criminal sale of a, controlled, substance in the first degree, the attempt to commit such class A-I felonies, or any class A-II or A-III felony, who has been on unrevoked parole for afleast five consecutive years or to any person who has been on unrevoked conditional release for at least two consecutive years. .Discharge of persons under a reformatory sentence may be granted at any time, as provided in the penhl law. '
“ A discharge granted under this section- shall constitute a termination of the sentence with respect to which it was granted.”

. TJ. S. Const., 14th Arndt.; N. Y. Const., art. I, § 11.

. McKinney’s Session Laws of 1973, pp. 2318-2319.

. What the precise correlation is, is subject to much conjecture. Common sense dictates that fear of punishment, in many instances prevents crimes from being committed and people from becoming criminals.

. The parole board is both statutorily and in fact, the only body in a position to make these determinations.

. Certainly, there is no compelling State interest in continuing the classification beyond the time when eligibility under subdivision 8 of section 212 accrues. Applying subdivision 8 of section 212 to all A felons is certainly a less onerous alternative which would be equally effective in accomplishing the goals of the new drug laws.

. The other A felonies.